UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>                  Plaintiff,<br><br>     v.<br><br>KING COUNTY DISTRICT COURT, et al.,<br><br>                  Defendant. | CASE NO. 2:23-cv-00817-DGE-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Daniel Teklemariam Hagos, a King County Jail detainee seeks 42 U.S.C § 1983 relief against (1) "King County District Court cause # 21-1-00412-4; (2) "City of Seattle case no. 657421 in the Municipal Court of the City of Seattle."; and (3) "State of Washington case no. 16-1-00616-3 King County Superior Court/District Court." Dkt. 5 at 3.

Under 28 U.S.C. § 1915A(a), the Court must review a complaint filed by a detainee and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

The Court having reviewed the complaint finds it fatally deficient in that it names Defendants, the City of Seattle Municipal Court and the King County Superior and District Courts. These Defendants are immune from suit. The complaint also seeks damages regarding a

REPORT AND RECOMMENDATION - 1

1 | Superior Court conviction which has not been overturned. This claim is thus barred under *Heck*
2 | *v. Humphry*. The Court also recommends leave to amend be denied as futile. *See Saul v. United*
3 | *States*, 928 F.2d 829, 843 (9th Cir. 1991) (Leave to amend may be denied if the proposed
4 | amendment is futile or would be subject to dismissal).

## DISCUSSION

### A. Legal Standards

A complaint must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive dismissal, a complaint must contain sufficient factual matter that states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Additionally, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory

REPORT AND RECOMMENDATION - 2

1  responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S.
2  658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the
3  plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

**B.     The Complaint**

Plaintiff's complaint alleges in Count I "Law Against Motions to Dismiss in Criminal Cases against King County District Court cause no. 21-1-00412-4." Dkt. 5 at 4. In support Plaintiff refers to two law suits he filed in this Court *Hagos v. Parisky*, 23-616-TL and *Hagos v. Kahsay,* 23-251-JLR. *Id.* Plaintiff argues the Federal Rules contain "no analog for summary judgment under Rule 56 of the rules of civil procedure. *Id.*

These allegations fail to state a claim upon which relief may be granted. The claim relies upon two other lawsuits Plaintiff previously filed in this Court. Both lawsuits were dismissed and thus do not support a cognizable claim. Also, to the extent the claim relies upon two other lawsuits, it is duplicative of those suits. While § 1915 does not define "frivolous or malicious," courts have uniformly agreed that, at a minimum, a malicious lawsuit is one that is duplicative of another federal lawsuit involving the same plaintiff and defendant. *See, e.g., McWilliams v. Colorado*, 121 F.3d 573 (10th Cir. 1997) (affirming dismissal of § 1983 complaint as frivolous where it duplicated a prior federal lawsuit); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (affirming dismissal of duplicative complaint under pre–PLRA version of 28 U.S.C. § 1915(e)); *Murillo v. Taylor*, 2015 WL4488060, at *15–16 (S.D. Cal. July 22, 2015); *Meadows v. Woods*, 156 F.R.D. 165, 166 (W.D. Tenn 1994) (dismissing complaint as frivolous under pre-PLRA version of 28 U.S.C. § 1915(e)); *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate

actions involving the same subject matter at the same time in the same court against the same defendant.").

Further Plaintiff names as Defendants the King County District and Superior Courts and references a specific criminal case number. The Superior and District Court Judges who presided over Plaintiff's criminal charges are immune from suit. Plaintiff implies there are delays in his criminal proceedings that underly his complaint. However, setting hearings and due dates in a state court criminal action fall within a state court judge's judicial capacity, and state court judges are entitled to absolute judicial immunity for acts performed within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225, 108 S. Ct. 538 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, (1985).

To the extent Plaintiff seeks to sue other officers of the Superior or State District Courts, these officers are also immune from suit for actions taken in their official capacity. This includes court clerks, who "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Thus, any court

REPORT AND RECOMMENDATION - 4

clerk who assisted the state court judges in scheduling the Plaintiff's criminal hearings in this case are immune from suit claim. Accordingly, Count I should be dismissed with prejudice.

In Count II, Plaintiff alleges "False Imprisonment against City of Seattle case No. 657421" Dkt. 5 at 6. The specific Defendant named "City of Seattle case no. 657421 in the Municipal Court of the City of Seattle." As discussed above, suits against judges or the court clerks are not cognizable because such defendants are immune from suit. Accordingly, Count II should be dismissed with prejudice.

In Count III, Plaintiff alleges "Federal Claims against State of Washington case no. 16-1-00616-3" and suggests he should be compensated under "Washingtons wrongful conviction compensation law." Dkt. 5 at 7-8. he *Id.* at 7. The Court takes judicial notice that the State Court of Appeals affirmed the conviction in 16-1-00616-3 in *State v. Hagos*, 1 WnApp2d 1012 (Div. I 2017) and the State Supreme Court denied review, *State v. Hagos*, 190 Wn.2d 1006 (2018). Plaintiff then sought 2254 habeas relief in this Court and the Court denied relief and dismissed the habeas petition in *Hagos v. State of Washington*, 2:22-cv-1609-RAJ.

A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S 477, 486-87 (1994). A "§ 1983 action is barred (absent prior invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."

REPORT AND RECOMMENDATION - 5

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Here, Plaintiff's conviction stands and his claim which is based upon this conviction is thus barred under *Heck* and should be dismissed.

For the foregoing reasons, the Court recommends the complaint be dismissed with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **June 20, 2023**. The Clerk should note the matter for **June 23, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 5th day of June, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge