UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>KING COUNTY DISTRICT COURT et al.,<br><br>　　　　　　　Defendant. | CASE NO. 2:23-cv-00817-DGE<br><br>ORDER ON REPORT & RECOMMENDATION WITH OBJECTIONS (DKT. NOS. 6-7) |

　　　This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 6) and Plaintiff Daniel Hagos' objections to the R&R (Dkt. No. 7).  For the reasons stated herein, the Court ADOPTS the R&R but addresses Plaintiff's objections below.

## BACKGROUND

　　　Plaintiff is an incarcerated person proceeding pro se in this civil rights action.  On May 24, 2023, Plaintiff filed a motion for leave to proceed In Forma Pauperis ("IFP").  (Dkt. No. 1.)

1  Judge Tsuchida granted Plaintiff's motion and, pursuant to 28 U.S.C. § 1915, directed the agency

2  having custody over Plaintiff to calculate an initial partial filing fee, as well as subsequent

3  possible installments. (Dkt. No. 4 at 1-2.)

4      Plaintiff filed his complaint on June 5, 2023. (Dkt. No. 5.) In the Complaint, Plaintiff

5  brings suit against King County Superior Court and the Municipal Court of Seattle.[1] Judge

6  Tsuchida issued an R&R, finding the Complaint fatally deficient and recommending dismissal

7  without leave to amend.

8      In the R&R, Judge Tsuchida first notes the Complaint "fail[s] to state a claim upon which

9  relief may be granted." (Dkt. No. 6 at 3.) The claims in the Complaint rely on two, previously

10  dismissed lawsuits Plaintiff filed with this court. The R&R indicates the instant lawsuit is

11  "duplicative of those suits" and that "a malicious lawsuit is one that is duplicative of another

12  federal lawsuit involving the same plaintiff and defendant." (Dkt. No. 6 at 3, citing *McWilliams*

13  *v. Colorado*, 121 F.3d 573 (10th Cir. 1997).)

14      The R&R further finds the named defendants, the courts themselves, "are immune from

15  suit." (Dkt. No. 6 at 1.) Plaintiff's complaint references delays in his criminal proceedings, but

16  the R&R states that "setting hearings and due dates in a state court criminal action fall within a

17  state court judge's judicial capacity, and state court judges are entitled to absolute judicial

18  immunity for acts performed within their judicial capacity." (Dkt. No. 6 at 4, citing *Mireles v.*

19  *Waco*, 502 U.S. 9, 9–12 (1991).) The R&R notes this immunity also extends to clerks of the

20  court, who "have absolute quasi-judicial immunity from damages for civil rights violations when

21

22

23  [1] More accurately, the Complaint seems to list specific case numbers within each of these courts as defendants. ("King County District Court cause #21-1-00412-4"; "City of Seattle Case No. 657421"; "State of Washington Case No. 16-1-00616-3".)

24

they perform tasks that are an integral part of the judicial process." (Dkt. No. 6 at 4, citing *Mullis v. U.S. Bankruptcy Court for Dist. Of Nevada*, 828 F.2d 1385 (9th Cir. 1987).)

**OBJECTIONS**

Plaintiff's objections cite various provisions of law but provide no authority as to why the instant lawsuit is not duplicative of his prior two lawsuits, nor why the Defendants listed are proper.

He first cites to §§ 315(b), 314(a), and 320 of the Restatement of Torts. (Dkt. No. 7 at 2.) The Restatement is not an authority upon which his claims can be brought.

He writes in his objections that "the immunities of governmental officials do not shield the governments which employ them from tort liability, even when liability is predicated upon respondeat superior." He appears to be citing to *Babcock v. State*, 809 P.2d 143, 156 (Wash. 1991). This case, and others which cite this proposition generally refer to municipalities not being shielded by their agents' immunities.

While true generally, this principle does not persuade the Court that the Defendants in this case are proper. Plaintiff lists multiple courts as defendants. Plaintiff seems to imply that although judges have judicial immunity, the courts which employ them can still be liable. However, courts and judges are inseparably intertwined: actions of the judge taken in their judicial capacity are indeed the actions of "the court". Therefore, this precludes the courts themselves from suit. As Judge Tsuchida discussed comprehensively in the R&R, judges, and thus the courts which employ them, enjoy absolute judicial immunity for those acts performed in their judicial capacity.

**CONCLUSION**

Accordingly, having conducted a de novo review of the R&R, the Plaintiff's objections, and the remainder of the record, the Court hereby ADOPTS the R&R (Dkt. No. 6), and ORDERS the dismissal of the Complaint without prejudice and without leave to amend. A copy of this Order shall be sent to the Hon. Brian A. Tsuchida.

Dated this 18th day of August 2023.

David G. Estudillo
United States District Judge